1        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
2                  WESTERN DIVISION

3   UNITED STATES OF AMERICA,    )    Docket No. 11 CR 50062
                                 )
4              Plaintiff,        )    Rockford, Illinois
                                 )    Wednesday, March 27, 2013
5         v.                     )    4:00 o'clock p.m
                                 )
6   DAYTON POKE,                 )
                                 )
7              Defendant.        )
    - - - - - - - - - - - - - - - - - -
8   UNITED STATES OF AMERICA,    )    Docket No. 13 CR 50019
                                 )
9              Plaintiff,        )
                                 )
10        v.                     )
                                 )
11  DARON CISTRUNK,              )
                                 )
12             Defendant.        )
    - - - - - - - - - - - - - - - - - -
13
                 TRANSCRIPT OF PROCEEDINGS
14       BEFORE THE HONORABLE FREDERICK J. KAPALA

15  APPEARANCES:

16  For the Government:       HON. GARY S. SHAPIRO
                              Acting United States Attorney
17                            (327 S. Church Street,
                               Rockford, IL  61101) by
18                            MR. JOHN G. MC KENZIE
                              MR. JOSEPH C. PEDERSEN
19                            Assistant U.S. Attorneys

20  For Defendant Poke:       MR. BRENDAN W. CAVER
                              LAW OFFICE OF BRENDAN W. CAVER, LTD.
21                            (308 W State Street,
                               Suite 97,
22                             Rockford, IL  61101)

23  For Defendant Cistrunk:   MR. ALAN H. COOPER
                              Attorney at Law
24                            (233 East Route 38,
                               Suite 202,
25                             Rochelle, IL  61068)

1    Court Reporter:              Mary T. Lindbloom
                                  327 S. Church Street
2                                 Rockford, Illinois  61101
                                  (815) 987-4486
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com

1    THE CLERK:   11 CR 50062-1, U.S.A. v. Dayton Poke, and

2    13 CR 50019, U.S.A. v. Daron Cistrunk.

3    MR. PEDERSEN:   Good afternoon, your Honor.   Joe

4    Pedersen on behalf of the United States.

5    MR. CAVER:   Brendan Caver appointed for Mr. Poke.

6    THE COURT:   All right.   Show Mr. Poke appears and

7    Mr. Daron Cistrunk appears.   Mr. Cooper, if you'll just stand

8    by.   We may need your services.   I don't know for sure.

9    MR. COOPER:   All right.

10    THE COURT:   You're Daron Cistrunk.   Mr. Cistrunk, talk

11    directly into that mike so everyone can hear what you say.   Will

12    you did that for us?

13    DEFENDANT CISTRUNK:   Yes, sir.

14    THE COURT:   At the request of Mr. Dayton Poke, who is

15    the defendant at counsel table to my right, a subpoena was

16    issued requiring you to appear in this courthouse as a witness

17    on his behalf in a jury trial which began or was to begin on

18    March 25th, 2013.   That's last Monday.   That subpoena was served

19    upon you, and you failed to appear.

20    When you failed to appear, I issued a bench warrant for

21    your arrest.   I also requested the United States Attorney's

22    Office to prepare and file a rule to show cause requiring you to

23    show cause why you should not be held in contempt of court for

24    your failure to appear.   Have you received a copy of that rule

25    to show cause?

1       DEFENDANT CISTRUNK:   No, sir.

2       THE COURT:   All right.   Could we provide him with a

3  copy?

4       MR. PEDERSEN:   Yes, your Honor.

5       THE COURT:   That rule to show cause states that as

6  required by Rule 42(a)(1)(A) of the Federal Rules of Criminal

7  Procedure, the trial of the criminal contempt shall be held on

8  such date and time as stated in open court by the court or in

9  any order to show cause that may be issued.

10      The essential facts constituting the charged criminal

11 contempt are set forth in the attached affidavit of Deputy

12 United States Marshal Frank D. Schermer.   Is that affidavit

13 attached to your copy of the rule to show cause?

14      DEFENDANT CISTRUNK:   Yes, sir.

15      THE COURT:   The essential facts -- I'm sorry.   To prove

16 the criminal contempt, the government will rely upon witness

17 testimony.   By this motion, the government respectfully provides

18 notice to Cistrunk as set forth herein.   Wherefore, the

19 government respectfully requests that this court enter a rule to

20 show cause why Daron Cistrunk should not be held in contempt of

21 this court for failure to appear in court as ordered.

22      Do you understand the petition?

23      DEFENDANT CISTRUNK:   Yes, sir.

24      THE COURT:   If you are determined to be in contempt of

25 court, you may be sentenced to jail or fined.   I'm limiting the

1    sentence in this case to six months in jail and $5,000, which

2    obviates the need for a jury trial in this matter.

3             In connection with these proceedings, you have the

4    right to certain rights.  You have a right to an attorney.  If

5    you cannot afford an attorney, I will appoint an attorney to

6    represent you at no cost to you.  Are you going to hire an

7    attorney?

8             DEFENDANT CISTRUNK:  No, sir.

9             THE COURT:  Why is that?

10            DEFENDANT CISTRUNK:  I don't have the money.

11            THE COURT:  Pardon?

12            DEFENDANT CISTRUNK:  I can't afford it.

13            THE COURT:  Do you work?

14            DEFENDANT CISTRUNK:  No, sir.

15            THE COURT:  Do you have any income?

16            DEFENDANT CISTRUNK:  No, sir.

17            THE COURT:  Do you own any property?

18            DEFENDANT CISTRUNK:  No, sir.

19            THE COURT:  Do you have any bank accounts?

20            DEFENDANT CISTRUNK:  No, sir.

21            THE COURT:  Do you have any money?

22            DEFENDANT CISTRUNK:  No, sir.

23            THE COURT:  How do you live?

24            DEFENDANT CISTRUNK:  With my sister.  But I go to

25    school.

1        THE COURT:   Where do you go to school?

2        DEFENDANT CISTRUNK:   In Gary, Indiana.   I'm a barber.

3    Barber college.

4        THE COURT:   Who supports you, who feeds you, and who

5    gives you a place to stay?

6        DEFENDANT CISTRUNK:   My sister.

7        THE COURT:   How old are you?

8        DEFENDANT CISTRUNK:   25.

9        THE COURT:   I will appoint Attorney Alan Cooper to

10    represent Mr. Cistrunk.

11        You also have a right to be informed of the allegations

12    against you.   You have a right to deny the allegations.   You

13    have a right to a trial.   You have a right to notice of any

14    proceedings in connection with this action.   You have a right to

15    present evidence in your own behalf.   You have a right to

16    subpoena witnesses to testify in court on your behalf.   You have

17    a right to cross-examine the government's witnesses.   You have a

18    right to compel the government to prove beyond a reasonable

19    doubt that you committed knowingly and willfully a violation of

20    a court order.   You have a right to be protected from compelled

21    self-incrimination.   You have a right to remain silent.   I must

22    inform you that anything you say in court can and will be used

23    against you in future court proceedings.

24        Do you understand all those rights?

25        DEFENDANT CISTRUNK:   Yes, sir.

PDF created with pdfFactory trial version www.pdffactory.com

1          THE COURT:  All right.  I'll set this matter for

2   hearing on the motion for rule to show cause.

3          What's your position as far as detention hearing,

4   Mr. Cooper?  I'm talking about between now and the time I can

5   set this for hearing on the motion for rule to show cause.

6          MR. COOPER:  We would not want him detained in the

7   meantime if he's going to school, even if it's barber school or

8   something like that, and we would be prepared to have a hearing

9   on this very quickly.

10          THE COURT:  All right.  Well, Section 3142 of Title 18

11   says a detention hearing shall be held immediately upon the

12   contemnor's first appearance before the judicial officer unless

13   that person or the attorney for the government seeks a

14   continuance.  We can have the hearing right now, if you wish.

15          MR. PEDERSEN:  The motion for the rule to show case?

16          THE COURT:  Or the detention hearing.

17          MR. COOPER:  We certainly would like that hearing.

18          THE COURT:  Mr. Pedersen, what's the government's

19   position?

20          MR. PEDERSEN:  That's fine, your Honor.

21          THE COURT:  All right.  The government may proceed.

22   Again, I have to consider the factors contained in 3142(g).

23   Please proceed.  I'll take into consideration the affidavit

24   filed by Deputy Marshal Schermer.

25          MR. PEDERSEN:  Could I just have a moment, your Honor?

1        THE COURT:   Sure.

2    (Brief pause.)

3        MR. PEDERSEN:   Thank you, Judge.   We're ready to

4    proceed on the detention hearing, but as far as the other case,

5    I don't know why it's necessary for Mr. Poke to be present

6    during the detention hearing, given that there may be questions

7    that Mr. Cooper asks that may reveal personal information that

8    Mr. Poke wouldn't be entitled to know or --

9        THE COURT:   Okay.   I agree.   Could you take Mr. Poke

10   back, please?  And just hold him  We'll get to the material

11   witness warrant right after I resolve this issue.

12   (Whereupon, Defendant Poke was escorted from the courtroom)

13       THE COURT:   All right.   Mr. Pedersen.

14       MR. PEDERSEN:   Your Honor, by way of proffer, I can

15   advise the court based on our information, we're not aware of

16   any prior convictions that this defendant has in either state or

17   federal court.

18       Our understanding is that the defendant was served with

19   a subpoena in this case and advised to appear Monday of this

20   week.   He didn't appear.   Also included with the subpoena was

21   the phone number of the defense attorney who represented

22   Mr. Poke prior to Mr. Caver being appointed, and based on the

23   representations of that attorney in court, Mr. Cistrunk never

24   contacted him by telephone.   Attempts were made to contact

25   Mr. Cistrunk, but he did not -- his phone number was not in use

PDF created with pdfFactory trial version www.pdffactory.com

1    or service.  That's all the information I would have by way of

2    proffer.

3              THE COURT:  Mr. Cooper.

4              MR. COOPER:  Yes, your Honor.  By way of proffer --

5    well, I'm prepared to put on evidence, too, as a matter of fact.

6    Mr. Cistrunk is prepared to admit that sometime earlier in March

7    he was served with a subpoena.  There's no dispute about that.

8    He misunderstood or -- I haven't seen the subpoena.  So, I don't

9    know what it said.  But he understood the subpoena to require

10   him to be in court today, March 27th, rather than March 25th.

11   It's his fault if it said the 25th.  But that was the source of

12   the problem with him

13             And when the Marshal's Office contacted him I guess on

14   Monday this week, on the 25th or whatever -- or maybe it was

15   Tuesday, I'm not sure -- why he -- that he was supposed to be in

16   court, I think he indicated that he thought he was supposed to

17   be here on the 27th, that that was a misunderstanding on his

18   part.

19             By way of -- I am also prepared to put on the witness

20   stand Marie Harris, who is here in court, who is Daron's aunt,

21   who resides in Rockford and who is willing -- has coordinated

22   with Daron's mother and is willing to have Daron stay in

23   Rockford living with her until we can have a hearing on the

24   motion for rule to show cause.

25             THE COURT:  All right.  Anything else by either party?

Harris - Direct

1    MR. COOPER:  No.  I guess I would make that in the form
2    of a proffer, unless the court wants to hear anything from
3    Ms. Harris.
4              THE COURT:  It's up to you.
5              MR. COOPER:  Well, I will call Ms. Harris as a witness
6    then.  Ms. Harris, would you step forward?
7              THE COURT:  Would you raise your right hand, please?
8         (Witness duly sworn.)
9              THE COURT:  Would you please take a seat over at the
10   witness stand here?
11             THE WITNESS:  Yes, sir.
12             MARIE HARRIS, DEFENDANT'S WITNESS, SWORN
13                      DIRECT EXAMINATION
14   BY MR. COOPER:
15   Q.   Would you state your name, please?
16   A.   Marie Harris.
17   Q.   Where do you reside?
18   A.   Xxxx xxxxxx xxxxx.
19   Q.   In Rockford?
20   A.   Rockford, Illinois.
21   Q.   How long have you resided there?
22   A.   I moved in on the first of this month.  Me and my children
23   was residents at the WCC -- at the Women's Crisis Center.  It's
24   a shelter.  We was there.  And I just moved into my place on the
25   first of this month, but I been living here in Rockford for

PDF created with pdfFactory trial version www.pdffactory.com

## Harris - Direct

1    almost three years now.

2    Q.   Is this residential that you're in, a house or an apartment?

3    A.   A house.

4    Q.   How many bedrooms?

5    A.   Three bedrooms.

6    Q.   How many people presently live there with you?

7    A.   My three children.

8    Q.   How old are they?

9    A.   Fifteen -- my daughter is 15.   I have an eleven-year old

10   daughter, and I have a seven-year old son.

11   Q.   How are you related to Daron Cistrunk?

12   A.   He's my nephew.   His mom is my sister.

13   Q.   Are you willing to have Daron live in your house in Rockford

14   with you and your children until a hearing can be held on this

15   matter we're here on today?

16   A.   Yes, sir.   Yes, sir.

17   Q.   Are you or any of your children on probation or anything

18   like that?

19   A.   No, sir.

20   Q.   Do you have any pending criminal court cases?

21   A.   No, sir.

22   Q.   Do any of your children have pending criminal court cases?

23   A.   No, sir.

24   Q.   Do you work?

25   A.   No, sir, I don't work.

Harris - Cross

1    Q.   So, you're home all day?

2    A.   I'm home, yes.

3    Q.   And you've known Daron basically for all his life?

4    A.   All his life.

5    Q.   And do you think he could be counted on to stay around and

6    come back to court --

7    A.   Yes.

8    Q.   -- when a hearing is set on this motion for contempt?

9    A.   Yes, sir.

10              MR. COOPER:   I have nothing further.

11              THE COURT:   Mr. Pedersen.

12                          CROSS EXAMINATION

13   BY MR. PEDERSEN:

14   Q.   Did you know anything about your nephew having to appear in

15   court sometime this week?

16   A.   No, sir.  I talked to -- I can't remember his name.  Dan,

17   Danny?  I can't remember his name.  I talked to him back in the

18   summer, and he gave me information to pass on to Daron, and I

19   gave -- I told Daron about it, and Daron gave me a number to

20   give back to him, and I gave him that number.  So, they talked

21   from there.

22   Q.   Okay.  When did you find out that he was supposed to have

23   appeared in court?

24   A.   I found out, actually, yesterday.

25   Q.   From who?

Harris - Cross

1    A.   His mom

2    Q.   Okay.   Your sister?

3    A.   Yes.

4         MR. PEDERSEN:   That's all the questions I have.

5         MR. COOPER:   I have nothing further.

6         THE COURT:   You may step down, Ms. Harris.   Thank you

7    very much.

8         THE WITNESS:   Yes, sir.

9       (Witness excused.)

10        MR. COOPER:   I think I am going to call Daron Cistrunk,

11   as well, your Honor.

12        THE COURT:   All right.   Mr. Cistrunk, raise your right

13   hand.

14      (Defendant duly sworn.)

15        THE COURT:   Please take a seat at the witness stand.

16            DARON CISTRUNK, DEFENDANT HEREIN, SWORN

17                    DIRECT EXAMINATION

18   BY MR. COOPER:

19   Q.   Would you state your name, please?

20   A.   My name is Daron Cistrunk.

21   Q.   How do you spell your first name?

22   A.   D-a-r-o-n.

23   Q.   How do you spell your last name?

24   A.   C-i-s-t-r-u-n-k.

25   Q.   You and I had met for a few minutes today before today's

PDF created with pdfFactory trial version www.pdffactory.com

Cistrunk - Direct

1  court proceedings; is that correct?

2  A.  Yes, sir.

3  Q.  And I had explained to you what was up today, that is, a

4  motion for a rule to show cause why you should not be held in

5  criminal contempt of court?

6  A.  Yes, sir.

7  Q.  And I explained to you that was because you had been served

8  with a subpoena which the government alleges required you to

9  appear in court as a witness this Monday, the 25th, and that you

10 had failed to appear.  Did I explain that to you?

11 A.  Yes, sir.

12 Q.  And you and I discussed why you had failed to appear; is

13 that correct?

14 A.  Yes, sir.

15 Q.  Were you, in fact, served with papers that you understood to

16 be a subpoena sometime earlier in March?

17 A.  Yes, sir.

18 Q.  And what was your understanding as to what date you were

19 required to be in court?

20 A.  The 27th.

21 Q.  All right.  Do you know as you sit there today whether the

22 subpoena said the 25th or the 27th?

23 A.  No.  No, sir.  I thought it said the 27th.  But no, sir.

24 Q.  All right.  I want you to assume with me that it said the

25 25th.

Cistrunk - Direct

1   A.   Yes, sir.

2   Q.   If it did say the 25th, how do you account for the fact that

3   you thought it was the 27th?

4   A.   Because two incidents happened in my family, and like stuff

5   was running -- a lot of stuff was running in my family, and I

6   really didn't have a chance again to go look at the subpoena.   I

7   just knew in my head it was the 27th.   So, today I was on my way

8   down here.

9           And I want to tell the judge and the court that I'm

10   sorry for making this mistake and not looking at it again and

11   seeing it was the 25th and supposed to be here Monday.   It was

12   my mistake.   I know it was.   And I'm sorry for that.

13   Q.   Okay.   If the judge allows you to stay out of detention, out

14   of incarceration, until we can have a hearing on the motion for

15   contempt, would you be willing to stay with -- especially if the

16   judge ordered it, would you stay with your aunt and her family?

17   A.   Yes, sir.   I'll stay in Rockford, Illinois, until the day,

18   and I will be here that day on that day.

19   Q.   You will guarantee the judge and the government that you

20   will be here for the hearing on this motion?

21   A.   Yes, sir.

22   Q.   All right.

23           MR. COOPER:   I have nothing further.

24           THE COURT:   You may step down, Mr. Cistrunk.

25       (Witness excused.)

1    THE COURT:   Any more evidence, Mr. Cooper?

2    MR. COOPER:   No more evidence, no.

3    THE COURT:   Mr. Pedersen, any comment?

4    MR. PEDERSEN:   No, your Honor.

5    THE COURT:   Any comment, Mr. Cooper?

6    MR. COOPER:   Yes.   I think it's unfortunate.   The court

7    has a right to expect its subpoenas to be honored.   There's no

8    question about that.   This is a mistake by Mr. Cistrunk, which

9    he acknowledges, and I just -- I don't see that it's necessary

10   for the court to detain him until we have a hearing on this

11   matter.   I think there is a good alternative been presented to

12   the court with him staying at his aunt's house.

13   THE COURT:   All right.   Thank you.

14   I've considered the factors contained in Section

15   3142(g).   The most glaring fact in this case is that

16   Mr. Cistrunk was ordered to appear in court.   He was under a

17   court order to appear in this courtroom on a certain date, and

18   he didn't comply with that order.   He tells me he didn't have a

19   chance to look at a subpoena.   It takes a minute to look at a

20   subpoena.   It takes 30 seconds to get a piece of paper out and

21   look at a subpoena.   I can't believe that a man that doesn't

22   have a job, that doesn't have any obligations, that only goes to

23   school can't take -- in spite of these unknown family

24   circumstances, couldn't take a half a minute to look at a piece

25   of paper that he was -- and if I was him, that would be the most

1     important piece of paper in my life is a subpoena from a federal

2     court to appear in a federal jury trial.

3          He says that this was a mistake.  It was not a mistake

4     without consequences.  He says he's sorry, but that doesn't

5     change the fact that we called 30 people from the community to

6     take away from their lives and their families and their jobs.

7     They were examined all day long.  They stayed here an entire

8     day.  We used an entire day of court time.  And during this

9     entire time I was relying on Mr. Cistrunk to do what he was

10    supposed to do, to do what he was ordered to do, to appear in

11    court.  It was a simple thing.  It was an easy thing.  And he

12    didn't do it.  So, I had to send those 30 people home.  They

13    wasted the day here.  I wasted a day that I could have been

14    spending on other cases, all in the hopes that Mr. Cistrunk

15    would do what he was supposed to do.  He didn't do it.

16         There's also the matter of the amount of money that the

17    government spent on these people.  It probably approaches

18    $3,000.  $3,000 they spent for these people, and Mr. Cistrunk is

19    cooling his heels back in Gary, Indiana, or someplace in

20    Indiana, wherever he was.

21         I have a duty to assure that this case does not have to

22    undergo any further unavoidable or avoidable delays.  And as far

23    as him staying with Ms. Harris, Marie, I'll say that I'm glad

24    you came to court.  You spoke well by your nephew.  I appreciate

25    your offer to keep him with you.  I'm sure his family

PDF created with pdfFactory trial version www.pdffactory.com

1  appreciates it.  But the problem that I have is that Daron says,

2  Aunt Marie, I'm not staying here anymore.  I'm going back to

3  Indiana.  There's nothing you can do to stop that.  He's going

4  to walk out the door, and that will be it for you.

5          I find that there are no reasonable conditions of

6  release that will reasonably assure the appearance of

7  Mr. Cistrunk in court as required by the court.  I've ordered

8  him to appear in court once.  He ignored that order, disregarded

9  it, disobeyed it.  And with that kind of history, I think that I

10 need to hold him in custody until I have the hearing in this

11 case.  I'll set this hearing as soon as possible.

12         I'll order that he be committed in custody for

13 confinement in a corrections facility separate to the extent

14 practicable from persons awaiting or serving sentences or being

15 held in custody pending appeal.  That the person -- that

16 Mr. Cistrunk be afforded a reasonable opportunity for private

17 consultation with counsel and order that the persons in charge

18 of the corrections facility where he is held shall deliver him

19 in court to this courtroom on the date that I set for detention

20 hearing.

21         As I've said, I would like to set this as soon as

22 possible.  How about Tuesday?  Is that available for the

23 parties?

24             MR. PEDERSEN:  April 2nd?

25             THE COURT:  April 2nd.  That's right.

1          MR. PEDERSEN:  Yes I can.

2          MR. COOPER:  I can be available that day, your Honor.

3     I take it the court has nothing earlier.  We have a situation

4     here where it appears to me, based on the testimony that the

5     court has heard today, that this will be a very brief hearing on

6     the contempt matter.

7          THE COURT:  I can do it Monday afternoon.  Is that

8     better?

9          MR. COOPER:  Well, that's better.  I was hoping for

10    tomorrow, to tell the truth.

11         THE COURT:  Okay.  Well, tomorrow I'm in Dixon -- or

12    Dirksen.

13         MR. COOPER:  Okay.  And is Friday a court holiday?

14         THE COURT:  No, not that I know of.

15         MR. COOPER:  Well, I didn't know.  It's Good Friday.  I

16    didn't know whether it was a court holiday or not.

17         THE COURT:  No. I can't do it on Friday.

18         MR. COOPER:  You can't do it on Friday, either?

19         THE COURT:  No.  2:30 on Monday afternoon.

20         MR. COOPER:  I'm sorry?

21         THE COURT:  2:30 on Monday afternoon.

22         MR. COOPER:  That's fine.  Thank you.

23         THE COURT:  All right.  That resolves for now the

24    motion for rule to show cause.  We have to take up the second

25    matter.  Could you have Mr. Poke brought in?  We'll need

PDF created with pdfFactory trial version www.pdffactory.com

1    Mr. Cistrunk here for the hearing on the material witness

2    warrant.

3         (Whereupon, Defendant Poke was brought into the courtroom)

4              THE COURT:  All right.  This is a separate proceeding.

5    Mr. Cistrunk, I must advise you that when you didn't appear as

6    required by your subpoena, Mr. Poke through his attorney filed

7    with me a material witness warrant asking me that you be

8    detained and alleging that you are a material witness in their

9    case, and I issued that material witness warrant, and you're

10   here on that and in custody on that in addition to the

11   government's motion for rule to show cause.

12             How do the parties wish to proceed?  Show Mr. Poke

13   appears with Mr. Caver, his attorney.

14             MR. PEDERSEN:  Your Honor, I had some discussions with

15   Mr. Caver, who has just been appointed and wasn't Mr. Poke's

16   attorney at the time that the material witness warrant was

17   requested.  My reading of 18 U.S.C. Section 3144 indicates that

18   an affidavit is required to be filed by the party that is

19   requesting detention of the individual, that is, the material

20   witness.

21             I checked the record.  I thought maybe Mr. Byrd had

22   filed an affidavit in support of his motion to continue the

23   trial date from one of the earlier settings.  He did not.  So, I

24   don't know that it would be proper at this point to proceed as

25   to this aspect regarding the material witness until the

1   defendant files such an affidavit, if they wish to do so.

2   MR. CAVER: Judge, thank you. I was appointed to the

3   case yesterday, as Mr. Pedersen recited to the court. I have

4   had an opportunity to briefly review 3144. At this time I do

5   not have an affidavit. I don't have a file yet on this case. I

6   have briefly spoken with previous counsel, but I don't have any

7   material information with respect to be able to do -- to file an

8   affidavit at this time.

9   THE COURT: Well, let me say, though. Mr. Byrd several

10  times during these proceedings I've had with Mr. Poke stated as

11  an officer of the court on the record that Mr. Cistrunk was a

12  material witness to his case. I mean, I'm sure the government

13  would have been glad to go ahead without Mr. Cistrunk's

14  testimony. I would have had no problem going ahead without his

15  testimony. It was Mr. Poke that demanded that Mr. Cistrunk be

16  here.

17  MR. CAVER: Yes, Judge. I believe that based on the

18  limited facts that I have, I genuinely do believe as an officer

19  of the court that Mr. Cistrunk is a material witness based on

20  the facts as I understand them  Unfortunately, I haven't had an

21  opportunity to review any of the discovery firsthand. The basis

22  of my information is only on my limited conversations with

23  Mr. Byrd. I haven't had an opportunity myself to review any

24  firsthand documentation for me to form my own information and

25  belief based on my review of any of the discovery as to the

PDF created with pdfFactory trial version www.pdffactory.com

1    nature.

2           Certainly, I know Mr. Byrd.  I've worked with him in

3    the past.  I have no reason to disbelieve what he told me.  My

4    only representation to the court is that at this point, given

5    the limited time that I've had to assess the case on its merits

6    myself, the only information that I had to rely upon is my

7    discussions with Mr. Byrd.

8           THE COURT:  All right.  I assume you'd like some time

9    to talk to Mr. Poke then.

10          MR. CAVER:  Yes, Judge.

11          THE COURT:  Do you want to do that now, or do you want

12   me to set this for --

13          MR. CAVER:  Judge, I'd be happy to speak with Mr. Poke

14   now at the court's convenience.  My understanding is that

15   Mr. Cistrunk is being held for a detention hearing until at

16   least April 1st at 2:30 in the afternoon.  I would make a

17   request, so that I have a reasonable time to meet with my

18   client, that if we could also set this matter over 'til that

19   date and time that I can have a reasonable time frame within

20   which to assess what Mr. Poke and I decide to do with respect to

21   Mr. Cistrunk's detention on the material witness warrant.

22          THE COURT:  I'll set this for 10:00 o'clock on Monday

23   morning.  Will that give you enough time?

24          MR. CAVER:  That would be plenty, Judge.  Thank you.

25          MR. PEDERSEN:  For that hearing, will Mr. Cistrunk's

PDF created with pdfFactory trial version www.pdffactory.com

1      presence be required, as well?

2            THE COURT:   Mr. Cooper, I don't see any reason

3      Mr. Cistrunk has to be here for that.

4            MR. COOPER:   Well, what's the hearing going to be?

5            THE COURT:   Actually, I don't know that it's going to

6      be a hearing.   It's just going to be an opportunity for Mr. Poke

7      to file an affidavit that the testimony of Mr. Cistrunk is

8      material in a criminal proceeding, and then we'll have to

9      proceed under 3144 after that.

10           I notice that 3144 says no material witness may be

11     detained because of inability to comply with any conditions of

12     release if the testimony of such witness can be adequately

13     secured by deposition.   And so, it may be that the parties will

14     want to take the deposition of Mr. Cistrunk.

15           MR. COOPER:   Well, if the 10:00 o'clock Monday is just

16     a deadline for Mr. Caver to file the appropriate affidavit, then

17     I don't think I need to be here or Mr. Cistrunk needs to be

18     here.   I can talk with counsel regarding the possibility --

19           MR. PEDERSEN:   But if the court -- if there is an

20     affidavit filed and the court proceeds under 3142, then

21     Mr. Cistrunk would have to be here for that part.

22           THE COURT:   But it says he can't be detained because of

23     an inability to comply with any condition of release if the

24     testimony of such witness can be adequately secured by a

25     deposition.   I suppose Mr. Cistrunk would have to be here to

1     determine that issue.  I can't hold him on the material

2     witness -- and, by the way, I don't want to hold him  I have no

3     desire to hold Mr. Cistrunk in custody.  I do it because after

4     my review of the factors under 3142(g), I believe I have to.

5     But according to the statute --

6          MR. PEDERSEN:  I only brought it up, Judge --

7          THE COURT:  -- if we can arrange for a deposition, then

8     he can't be held on the 3144 warrant.

9          MR. CAVER:  Judge, I apologize.  I don't mean to

10     interrupt the court unnecessarily, but I believe that if I have

11     a moment to speak with my client, given what I do know about the

12     case, we may be able to resolve the question as to whether or

13     not we will ask for him to be held on the material witness

14     warrant this afternoon.

15          THE COURT:  All right.  Okay.  Well, I'll step down,

16     and let me know when you're ready.

17          MR. CAVER:  I don't want to keep everybody here, but --

18          THE COURT:  I'm here --

19          MR. CAVER:  Thank you, Judge.

20          THE COURT:  -- all the time, anyway.

21          MR. CAVER:  I understand.

22          THE COURT:  It doesn't make any difference to me.  I'll

23     stay here as long as you want.

24          MR. CAVER:  If I may just have a moment to speak with

25     my client.

PDF created with pdfFactory trial version www.pdffactory.com

1    THE COURT:  Sure.

2    MR. CAVER:  My understanding is we're going to have to

3    do that downstairs.

4    THE COURT:  I think you can do it here right in the

5    holding cell.  Frank, can they do it here?

6    THE MARSHAL:  We'll make a special exception in this

7    case, your Honor.

8    THE COURT:  Okay.

9    MR. CAVER:  Thank you, Judge.

10   THE COURT:  Sure.  Please keep Mr. Cistrunk here.

11   (Brief pause.)

12   MR. CAVER:  Judge, thank you for that time.  I have

13   spoken with my client.  My client understands that if we do not

14   file the affidavit that the proceedings for contempt will be

15   separate and apart from any hold on the material witness issue.

16   We do not -- we will not be filing an affidavit.

17   THE COURT:  All right.  Then where does that leave us?

18   The case is set for trial on May --

19   MR. CAVER:  6th, Judge.

20   THE COURT:  May 6th.  How are you going to secure the

21   attendance of Mr. Cistrunk?

22   MR. CAVER:  Judge, we will be making a motion for the

23   court to continue his subpoena that had been previously issued

24   for that date and time to appear at trial.

25   THE COURT:  And then what if I go through another day

PDF created with pdfFactory trial version www.pdffactory.com

1   where I call 30 people in, spend $3,000 of the government's

2   money, spend an entire day here in court, which is important to

3   me because I've got hundreds of other cases I could be spending

4   a day working on, and Mr. Cistrunk decides he doesn't want to

5   appear?  Then go ahead without Mr. Cistrunk?

6           MR. CAVER:  Judge, I have discussed the possibility

7   that Mr. Cistrunk may not appear at the trial, and he

8   understands that the court is likely to be disinclined to grant

9   any motion to continue at that point based on Mr. Cistrunk's

10  nonappearance.

11          THE COURT:  All right.

12          MR. CAVER:  We have discussed the possible risks and

13  how they are outweighed -- the benefits outweigh the risks.  We

14  are counting on the witness to appear as he has been ordered to

15  do so.  And subject to our oral motion today for the court to

16  continue that subpoena to that date and time, we are going to

17  rely on the witness to comply with the order of the court.

18          THE COURT:  All right.  But when you're making this

19  cost-benefit analysis of what you're going to do, you should

20  understand that unless there are some very extraordinary,

21  exceptional circumstances, I will not continue this case and

22  that we will go to verdict whether Mr. Cistrunk appears or not.

23          MR. CAVER:  Judge, I have discussed that with my client

24  at length.

25          THE COURT:  All right.  And knowing that, he declines

1    to issue the affidavit.

2        MR. CAVER:   That is correct.

3        THE COURT:   All right.

4        MR. PEDERSEN:   Your Honor, the other thing by declining

5    to issue the affidavit, that they're waiving the right that they

6    would have the right to request is the deposition of

7    Mr. Cistrunk.   If we're not proceeding under 18 U.S.C. 3144,

8    there will be no deposition.   So, if he doesn't appear, they

9    will have no way to secure his testimony.   I just want to make

10   sure that that's understood.

11       THE COURT:   It's on the record.   But if Mr. Poke

12   doesn't file his affidavit, then I'm going to quash the material

13   witness warrant.

14       MR. CAVER:   Judge, if I may, also, make a brief record

15   for that.   I have also spoken with Mr. Poke.   He does

16   understand, and he has acknowledged to me that he understands

17   that there is no right to take a deposition if we don't file

18   that affidavit.

19       THE COURT:   All right.   So ordered.   The material

20   witness warrant is quashed.   I'll see Mr. Cistrunk on Monday

21   afternoon regarding the contempt proceeding.

22       MR. PEDERSEN:   What about the request to continue the

23   trial subpoena for Mr. Cistrunk?

24       THE COURT:   Thank you.   I'll order Mr. Cistrunk to

25   appear in this courtroom -- what time do you want him here,

PDF created with pdfFactory trial version www.pdffactory.com

1    Mr. Caver?

2              MR. CAVER:   Judge, will court commence at 9:00 o'clock?

3              THE COURT:   Right.  We'll start --

4              MR. CAVER:   I'm sorry.  On the 6th.

5              THE COURT:   We'll start picking a jury at -- well, I'll

6    want you here at 8:45.

7              MR. CAVER:   Judge, then I'd ask for his appearance to

8    be compelled at 8:30.

9              THE COURT:   Mr. Cistrunk, you understand that?  That

10   you're going to have to appear in this courtroom at 8:30 on

11   May 6th.

12             DEFENDANT CISTRUNK:   Yes, sir.

13             THE COURT:   It's a Monday morning.

14             DEFENDANT CISTRUNK:   Yes, sir.

15             THE COURT:   All right.

16             MR. CAVER:   Thank you, Judge.

17             THE COURT:   You're welcome.  Court's in recess.

18             MR. PEDERSEN:   Thank you.

19        (Which were all the proceedings had in the above-entitled

20        cause on the day and date aforesaid.)

21

22

23

24

25

1        I certify that the foregoing is a correct transcript from

2   the record of proceedings in the above-entitled matter.

3

4   _____

5   Mary T. Lindbloom
    Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25