```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                   WESTERN DIVISION

UNITED STATES OF AMERICA,   )   Docket No. 11 CR 50062
                            )
            Plaintiff,      )   Rockford, Illinois
                            )   Friday, August 28, 2015
       v.                   )   9:00 o'clock a.m.
                            )
DAYTON POKE,                )
                            )
            Defendant.      )

            TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE FREDERICK J. KAPALA

APPEARANCES:

For the Government:     HON. ZACHARY T. FARDON
                        United States Attorney
                        (327 S. Church Street,
                         Rockford, IL  61101) by
                        MR. JOSEPH C. PEDERSEN
                        Assistant U.S. Attorney

For the Defendant:      LAW OFFICE OF TINA LONG RIPPY
                        (216 N. Court Street,
                         Rockford, IL  61103) by
                        MS. TINA LONG RIPPY

Court Reporter:         Mary T. Lindbloom
                        327 S. Church Street
                        Rockford, Illinois  61101
                        (779) 772-8309
```

```
 1              THE CLERK:  11 CR 50062, U.S.A. v. Dayton Poke.
 2              MR. PEDERSEN:  Good morning, your Honor.  Joe Pedersen
 3   on behalf of the United States.
 4              MS. RIPPY:  Good morning, your Honor.  Tina Long Rippy
 5   here.  I guess I'm still counsel for Mr. Poke.  So, that's why
 6   I'm appearing today.
 7              THE COURT:  All right.  You know, I do not know if you
 8   are still a counsel for Mr. Poke.  I was able to reference the
 9   plan of the United States Court of Appeals for the Seventh
10   Circuit to supplement the plans of the several United States
11   District Courts within, and in that plan -- and Section 5 had
12   the duties of appointed counsel.  It says, "Appointed appellate
13   attorneys have a duty to continue to represent their clients
14   after remand to the district court.  An attorney appointed for
15   the appeal who is unable to continue at the trial level should
16   move in the district court for withdrawal and appointment of
17   trial counsel."
18              MS. RIPPY:  That's always -- since I've been counsel on
19   appeals before in the Ninth Circuit, that's how I have always
20   understood it to be, and that's how I've -- if I had cases
21   remanded, I have been the counsel of record in the district
22   court, but I did not know.  So, I --
23              THE COURT:  It's always better to file the motion and
24   be safe, I suppose.
25              MS. RIPPY:  Yes.  And in all abundance of caution, I
```

```
 1    did file the motion.
 2              THE COURT:  All right.  Well, I suppose then your
 3    motion is -- you can withdraw it.
 4              MS. RIPPY:  I can, your Honor.
 5              THE COURT:  And that leaves the appellate counsel as --
 6              MS. RIPPY:  I'm sorry, your Honor, but I had a question
 7    about it because I remember looking at the list of people that
 8    were sent the notice for today.  I did not see appellate counsel
 9    on there.
10              THE COURT:  Right.  My clerk advises me that his
11    appellate counsel was a George Taseff, T-a-s-e-f-f, Acting Chief
12    Federal Defender, and Assistant Federal Defender Peter W.
13    Henderson filed an appearance and prepared the actual briefing.
14    So, I suppose Mr. Henderson is still Mr. Poke's attorney unless
15    he moves to withdraw, unless you have some different authority
16    for me.
17              MS. RIPPY:  No, that's how I understand it, but I just
18    wanted to be certain I covered all my bases.
19              THE COURT:  All right.  Nice to see you again.
20              MS. RIPPY:  Nice to see you, Judge.
21              THE COURT:  Let's set it for a hearing.  Maybe you --
22    do you want to contact Mr. Henderson?
23              MR. PEDERSEN:  Typically when they're appointed, they
24    don't continue if the case is remanded.  Then there's usually a
25    new attorney appointed.  So --
```

1               THE COURT:  Well, that's what this says.
2               MR. PEDERSEN:  I understand that, your Honor.  I'm just
3    saying what's happened in the past.
4               THE COURT:  Why don't we do this.  Why don't I give you
5    a chance to contact Mr. Henderson, find out what he wants to do.
6               MR. PEDERSEN:  Okay.
7               THE COURT:  And then if he withdraws, I'll appoint
8    trial counsel.
9               MR. PEDERSEN:  Okay.
10              MS. RIPPY:  Okay.  And I'll withdraw my motion, your
11   Honor.
12              THE COURT:  Thank you.  I'll set this for next Friday.
13              MR. PEDERSEN:  That's fine.  Or, actually, could we go
14   two weeks?
15              THE COURT:  Sure.
16              MR. PEDERSEN:  I'm not going to be here next Friday.
17              THE COURT:  September 11th.
18              MR. PEDERSEN:  Pardon me?
19              THE COURT:  September 11th.
20              MR. PEDERSEN:  All right.  Thank you, your Honor.
21          (Which were all the proceedings had in the above-entitled
22            cause on the day and date aforesaid.)
23
24
25

1        I certify that the foregoing is a correct transcript from
2    the record of proceedings in the above-entitled matter.
3
4    _____
     /s/ Mary T. Lindbloom
5
     Official Court Reporter
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25