```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         WESTERN DIVISION

 3    UNITED STATES OF AMERICA,    )     Docket No. 11 CR 50062
                                   )
 4                 Plaintiff,      )     Rockford, Illinois
                                   )     Thursday, November 5, 2015
 5            v.                   )     9:30 o'clock a.m.
                                   )
 6    DAYTON POKE,                 )
                                   )
 7                 Defendant.      )

 8                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE FREDERICK J. KAPALA
 9
      APPEARANCES:
10
      For the Government:          HON. ZACHARY T. FARDON
11                                 United States Attorney
                                   (327 S. Church Street,
12                                  Rockford, IL  61101) by
                                   MR. JOSEPH C. PEDERSEN
13                                 Assistant U.S. Attorney

14    For the Defendant:           MR. FRANKLIN C. COOK
                                   (P.O. Box 237,
15                                  Freeport, IL  61032)

16    Court Reporter:              Mary T. Lindbloom
                                   327 S. Church Street
17                                 Rockford, Illinois  61101
                                   (779) 772-8309
18

19

20

21

22

23

24

25
```

```
 1                THE CLERK:  11 CR 50062, U.S.A. v. Dayton Poke.
 2                MR. PEDERSEN:  Good morning, your Honor.  Joe Pedersen
 3     on behalf of the United States.
 4                MR. COOK:  Good morning, your Honor.  Frank Cook on
 5     behalf of the defendant, Dayton Poke.
 6                THE COURT:  Good morning.
 7                DEFENDANT POKE:  Good morning, your Honor.
 8                THE COURT:  Show Mr. Poke appears in custody.
 9                The case comes before the court for a resentencing upon
10     remand by the Seventh Circuit Court of Appeals.
11                Mr. Poke, are you taking any medications?
12                DEFENDANT POKE:  Yes, sir.
13                THE COURT:  What are you taking?
14                DEFENDANT POKE:  Gabapentin.
15                THE COURT:  That's what you were taking at the last
16     sentencing hearing, also.
17                DEFENDANT POKE:  Yes, sir.
18                THE COURT:  Have you consumed any other drugs or
19     alcohol in the past 24 hours?
20                DEFENDANT POKE:  No, sir.
21                THE COURT:  Is there anything about that -- did you
22     take it this morning?
23                DEFENDANT POKE:  Yes, sir.
24                THE COURT:  Is there anything about -- and what's it
25     for?
```

```
 1                DEFENDANT POKE:  It's for nerve pain.
 2                THE COURT:  All right.  Is there anything about that
 3     medication that affects your ability to think or reason or make
 4     decisions?
 5                DEFENDANT POKE:  No, sir.
 6                THE COURT:  Is there anything about that medication
 7     that affects your ability to discuss this case with your
 8     attorney?
 9                DEFENDANT POKE:  No, sir.
10                THE COURT:  Is there anything about this medication
11     that affects your ability to understand what we're doing this
12     morning.
13                DEFENDANT POKE:  No, sir.
14                THE COURT:  Mr. Cook, is there any question in your
15     mind that the defendant's fit to participate in this sentencing
16     hearing?
17                MR. COOK:  I believe he is, your Honor.
18                THE COURT:  I have before me the following materials to
19     consider.  In addition to the written materials that were used
20     in the original sentencing hearing, which includes a one-page
21     report from the Metropolitan Correction Center dated
22     October 23rd, 2013, I have the following additional written
23     materials to consider.  The defendant's Sentencing Exhibits A
24     and B that were received at the original sentencing hearing and
25     an exhibit which was presented by the defendant regarding the
```

1    gabapentin medication he was and is taking.  Also a supplemental
2    report filed by the probation office dated October 29th, 2015,
3    which, by the way, references that October 23rd, 2013, MCC
4    report that I mentioned.
5            This is one thing that I don't know that the parties
6    have.  It's a copy of the bond sheet that shows the defendant
7    was released on bond the same day he was arrested for a
8    possession with intent to deliver which occurred on July 31st,
9    2001, in case number 01 CF 1860, which is referenced in
10   paragraph 64 of the presentence investigation report.  Do the
11   parties have a copy of that?  Mr. Pedersen?
12           MR. PEDERSEN:  Your Honor, we may have a copy.  I
13   don't --
14           MR. COOK:  I don't have a copy, your Honor.
15           THE COURT:  All right.
16           MR. COOK:  And, your Honor, if I may --
17           THE COURT:  Let me do this.  I'll provide you with a
18   copy.  And also the government's sentencing memorandum as to the
19   conditions of supervised release.  Mr. Cook?
20           MR. COOK:  Your Honor, if I may, Mr. Poke and I have
21   had a very limited opportunity to discuss this case, and,
22   unfortunately, I don't believe that he and I are on the same
23   page enough that we can proceed with the sentencing at this
24   time.
25           Mr. Poke was -- I didn't communicate with him at all

1    until this last Monday.  He returned to MCC I think a week ago

2    today, and I was advised of that, and I made efforts to get in

3    touch with him there and finally communicated with him

4    telephonically on Monday in a conversation that didn't go all

5    that well, I might add.  But I was able to meet with him

6    yesterday afternoon down in Oregon, and then I spoke with him

7    before coming in here today.

8         There are things that he would like me to look into

9    that I have not had an opportunity to do.  And in trying to gain

10   an understanding of this case, it has proven to be a bit more

11   complicated than I anticipated when we were first here, and as a

12   consequence, I believe my estimate that a month would enable me

13   to get up to speed on this was optimistic.

14         I knew at the time I said that that one of the things

15   that was going to be colliding with this was a deadline for

16   getting a petition for cert on file with the Supreme Court.  I

17   managed to get that done ahead of schedule in anticipation of

18   being able to focus in on this matter.  And as circumstances

19   have worked out, we have not had -- and I believe Mr. Poke would

20   agree with this -- that he and I have not had a sufficient

21   opportunity to go over these matters to the extent that we feel

22   comfortable proceeding with the sentencing at this point.

23         THE COURT:  One of the matters you should be sensitive

24   to is the scope of remand by the Court of Appeals.  I've

25   reviewed very carefully the Seventh Circuit opinion, and I will

```
 1    reference two cases for you, United States v. Tommy Adams,
 2    746 F.3d 734, which states, "A general remand does not entitle
 3    the defendant to present new arguments and evidence beyond that
 4    pertinent to the issues raised on appeal.  While a general
 5    remand is the typical course of action, in some cases it has
 6    caused unnecessary confusion and wasted judicial resources.  The
 7    confusion stems in part from the misperception that a general
 8    remand requires a district court to start from scratch.  It does
 9    not.  The law of the case doctrine precludes a defendant from
10    raising an argument not raised during his first appeal."
11            I'd also reference the case of United States v.
12    Husband, 312 F.3d 247, in which the court states, "Any issue
13    that could have been but was not raised on appeal is waived and
14    thus not remanded.  An argument bypassed by the litigants and
15    therefore not presented in the Court of Appeals may not be
16    resurrected on remand and used as a reason to disregard the
17    Court of Appeals decision.  The court may explicitly remand
18    certain issues exclusive of all others, but the same result may
19    also be accomplished implicitly.  If the opinion identifies a
20    discrete particular error that can be corrected on remand
21    without the need for a redetermination of other issues, the
22    district court is limited to correcting that error."
23            I just wanted to clarify those matters for the parties.
24    Can we do this later today?
25            MR. COOK:  I would be surprised, your Honor.
```

1             THE COURT:  Mr. Pedersen, what's your position?

2             MR. PEDERSEN:  Your Honor, I guess given Mr. Cook's

3    statements that he's indicated that he needs additional time and

4    he hasn't had sufficient time to meet with his client, I don't

5    think that there's any basis for us to object to their request,

6    and what he's indicated does not seem unreasonable.

7             MR. COOK:  Your Honor, if I could, so that I understand

8    what we're talking about here in terms of the scope of the

9    remand, in my reading of the Seventh Circuit decision, it

10   appeared that the principal concern of Judge Posner had to do

11   with regard to what he described, I think, as an accidental

12   double counting that resulted in the 924(c) 60-month sentence

13   being tacked onto what would be the career offender, the bottom

14   end of the career offender guideline range, and then the issues

15   with regard to the conditional release.  Is that the extent of

16   what -- is that how you're interpreting that in terms of what

17   the issues are at this point?

18            THE COURT:  Judge Posner also discussed the analysis of

19   the 3553(a) factors, specifically deterrence, general

20   deterrence.  Those are the issues I see.

21            But my point is I think it would be inappropriate to

22   bring up career offender designation.  I think the guidelines

23   have been resolved, probably not to the satisfaction of

24   Mr. Poke, but I think the guideline range is settled, and it is

25   360 months to life.  But I certainly will not object to any

1    other 3553(a) factors that you and Mr. Poke believe that I
2    should consider.
3             MR. COOK:  The same is true, I would assume, with
4    regard to the armed career offender.
5             THE COURT:  Right.  That's been resolved.  Do you
6    concur, Mr. Pedersen?
7             MR. PEDERSEN:  I agree, your Honor.  I think at the
8    resentencing hearing, though, the court can consider all the
9    remaining 3553(a) factors and anything that's happened between
10   the first sentencing and now, as well.
11            THE COURT:  Right.  The guidelines calculations have
12   been resolved, and we're considering all of the other 3553(a)
13   factors on remand, I believe, with specific attention to those
14   brought up by Judge Posner.  And, actually, when I say the
15   guidelines range has been resolved, we certainly have to address
16   the double counting issue that concerns Judge Posner.
17            MR. COOK:  But essentially we're looking at a 360-month
18   floor as far as a guideline determination is concerned.
19            THE COURT:  Right.  The guidelines range is 360 months
20   to life.  Can we do this tomorrow afternoon?
21            MR. COOK:  We can do it tomorrow afternoon, your Honor.
22            THE COURT:  All right.  Tomorrow afternoon at 1:30.
23            MR. COOK:  1:30?
24            THE COURT:  Yes.  We'll see you then.
25            MR. COOK:  Thank you.

```
 1              DEFENDANT POKE:  Your Honor, I got a question.  I want
 2    to know your opinion myself.  He broke down a lot of different
 3    things.  I'm just trying to get a clear understanding.  He
 4    stipulated in there that for all my counts my mandatory minimum
 5    should have been 20 years to life and my drug amount should have
 6    been -- I mean, the count for one should have been zero to
 7    20 years.  So, I was wondering if he stipulated that in there,
 8    how do my guidelines stay at 360 to life?  I mean, in the
 9    opinion he stipulated that for all my counts --
10              THE COURT:  When you say he, are you talking about
11    Judge Posner?
12              DEFENDANT POKE:  Yeah.  He said for all three counts.
13              MR. COOK:  I believe there was a section, your Honor,
14    where he talked about the mandatory minimums for the felon in
15    possession and the 924(c) would amount to 20 years.
16              THE COURT:  Right.
17              DEFENDANT POKE:  And for the drug amounts it should be
18    zero to 20.
19              THE COURT:  No.  The maximum sentence for the drug is
20    30 months, and that's because of the 851 notice.
21              MR. PEDERSEN:  30 years, your Honor.
22              THE COURT:  Thirty years, yes, right.  Sorry.
23              DEFENDANT POKE:  It's because of the what?
24              THE COURT:  The 851 notice.
25              MR. COOK:  Prior convictions.
```

```
 1              MR. PEDERSEN:  But there's no mandatory minimum for the
 2     drug count.  That's correct.
 3              THE COURT:  All right.  Are we clear?
 4              MR. PEDERSEN:  But the guidelines are separate.
 5     They're advisory.  That's 30 to life.  The mandatory minimums
 6     for the other two counts, the felon in possession count and
 7     the -- or I'm sorry -- as an armed career criminal, that's
 8     15 years for that count.
 9              THE COURT:  For which count?
10              MR. PEDERSEN:  For the --
11              THE COURT:  Felon in possession?
12              MR. PEDERSEN:  -- felon in possession.
13              THE COURT:  Right.
14              MR. PEDERSEN:  And then the 924(c) count is another
15     five years.
16              THE COURT:  Correct.
17              MR. PEDERSEN:  So, that equals 20.
18              THE COURT:  Right.  Are we clear?
19              DEFENDANT POKE:  Huh?
20              THE COURT:  Are we clear?
21              DEFENDANT POKE:  So, my mandatory minimum is 20 to
22     life, not 30 to life.
23              THE COURT:  The statutory minimum is 20 years.
24              DEFENDANT POKE:  Right.
25              THE COURT:  All right.  That's it.  See you tomorrow.
```

```
 1              MR. PEDERSEN:  One more thing, your Honor, just to make
 2     sure.  You were interrupted before you went through all the
 3     materials that you received.  I just want to make sure that you
 4     received the United States memorandum regarding the conditions
 5     of supervised release.
 6              THE COURT:  I think I mentioned that.
 7              MR. COOK:  Yeah, I think you did.
 8              MR. PEDERSEN:  Okay.  I missed that.  I'm sorry.
 9              THE COURT:  Court's in recess.
10       (Which were all the proceedings had in the above-entitled
11        cause on the day and date aforesaid.)
12        I certify that the foregoing is a correct transcript from
13     the record of proceedings in the above-entitled matter.
14
15     _____
       /s/ Mary T. Lindbloom
16
       Official Court Reporter
17
```